THE CAVANAGH LAW FIRM
A Professional Association
1850 NORTH CENTRAL AVENUE
SUITE 1900
PHOENIX, ARIZONA 85004
(602) 322-4000
www.cavanaghlaw.com

William M. Demlong, Esq. (SBN 7674)
wdemlong@cavanaghlaw.com
Tel: (602) 322-4000
Fax: (602) 322-4100

Pamela A. McKay, Esq. (SBN 7812)
pmckay@mckaylawfirmchtd.com
McKay Law Firm Chtd.
8440 West Lake Mead Blvd., Suite 112
Las Vegas, NV 89128
Tel: (702) 835-6956
Fax: (702) 835-6957
*Attorneys for Defendant CSAA General Insurance Company*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

STEVEN W. LINDMARK and LAURA A. LINDMARK, individually and as husband and wife,

Plaintiffs,

vs.

CSAA GENERAL INSURANCE COMPANY, an insurance company; HOME DEPOT U.S.A. INC.; RYOBI TECHNOLOGIES, INC. a foreign corporation; TTI CONSUMER POWER TOOLS, INC., a foreign corporation; TECHTRONIC INDUSTRIES FACTORY OUTLETS, INC., a foreign corporation; and DOES 1 through 20, individuals, partnerships, corporations, or other business or affiliated companies,

Defendants.

No.: 3:26-cv-00652-MMD-CSD

**ORDER GRANTING STIPULATION TO DISMISS WITH PREJUDICE PLAINTIFFS' BAD FAITH, STATUTORY, AND PUNITIVE DAMAGES CLAIMS AGAINST CSAA GENERAL INSURANCE COMPANY**

LAW OFFICES
THE CAVANAGH LAW FIRM, P.A.
1850 NORTH CENTRAL AVENUE, SUITE 1900
PHOENIX, ARIZONA 85004-4527
(602) 322-4000

Defendant CSAA General Insurance Company ("CSAA") and Plaintiffs Steven W. Lindmark and Laura A. Lindmark (collectively, "Plaintiffs"), by and through their undersigned counsel of record, hereby notify the Court that they have reached an agreement that narrows the causes of action Plaintiffs assert against CSAA in this action. The parties submit this Notice to advise the Court of that agreement and of its effect on CSAA's pending Partial Motion to Dismiss [Dkt. 13] and submit the accompanying Stipulation for the Court's approval and entry.

**NOTICE**

1. Plaintiffs' Complaint asserts against CSAA claims for breach of the express or implied terms of the subject insurance contract (Complaint ¶ 15(A)); breach of the covenant of good faith and fair dealing implied in the insurance contract (Complaint ¶ 15(C)); and violations of NRS 686A.310(1)(a)–(g) and (n), NAC 686A.660, NAC 686A.665, NAC 686A.670, and NAC 686A.675 (Complaint ¶ 15(D)). Plaintiffs further seek exemplary or punitive damages pursuant to NRS 42.005 (Complaint ¶ 17; Prayer for Relief ¶ 2) and an award of attorney fees (Complaint ¶ 18; Prayer for Relief ¶ 4).

2. On September 3, CSAA filed its Partial Motion to Dismiss [Dkt. 13] which seeks dismissal of Plaintiffs' claim for breach of the implied covenant of good faith and fair dealing, Plaintiffs' statutory claims arising under NRS Chapter 686A and the corresponding provisions of the Nevada Administrative Code, and Plaintiffs' claim for exemplary or punitive damages. That Motion remains pending.

3. Counsel for CSAA and counsel for Plaintiffs have conferred. Plaintiffs have agreed to dismiss, with prejudice, each of the claims and requests for relief that are the subject of CSAA's Partial Motion to Dismiss. Upon entry of the accompanying Stipulation, Plaintiffs' claim for breach of contract will be the sole remaining cause of action asserted against CSAA in this action.

4. The parties respectfully submit that entry of the accompanying Stipulation will moot CSAA's Partial Motion to Dismiss in its entirety. Upon entry of an order approving the Stipulation, CSAA will withdraw its Partial Motion to Dismiss or, in the alternative, respectfully requests that the Court deny the motion as moot. CSAA does not withdraw the motion in advance of entry of such an order.

5. This Notice and the accompanying Stipulation concern only the claims Plaintiffs assert against CSAA. They do not affect, and are not intended to affect, the claims Plaintiffs assert against Defendants Home Depot U.S.A., Inc., Ryobi Technologies, Inc., TTI Consumer Power Tools, Inc., or Techtronic Industries Factory Outlets, Inc., none of which is a party to the Stipulation.

6. No party will be prejudiced by entry of the Stipulation, and its entry will conserve the resources of the Court and the parties by narrowing the issues for discovery and disposition.

LAW OFFICES
THE CAVANAGH LAW FIRM, P.A.
1850 NORTH CENTRAL AVENUE, SUITE 1900
PHOENIX, ARIZONA 85004-4527
(602) 322-4000

**STIPULATION**

Accordingly, pursuant to Fed. R. Civ. P. 15(a)(2) and Fed. R. Civ. P. 41(a)(2), and Local Rule 7-1, CSAA and Plaintiffs, by and through their undersigned counsel of record, stipulate and agree as follows:

1. The following claims and requests for relief asserted by Plaintiffs against CSAA are hereby DISMISSED WITH PREJUDICE:

(a) Plaintiffs' claim for breach of the covenant of good faith and fair dealing implied in the insurance contract, as set forth in Paragraph 15(C) of the Complaint, and any claim for insurance bad faith however denominated;

(b) Plaintiffs' statutory claims, as set forth in Paragraph 15(D) of the Complaint, including all claims arising under NRS 686A.310, NRS Chapter 686A, and NAC 686A.660, NAC 686A.665, NAC 686A.670, and NAC 686A.675; and

(c) Plaintiffs' claim for exemplary or punitive damages under NRS 42.005, as set forth in Paragraph 17 of the Complaint and Paragraph 2 of the Prayer for Relief.

2. Following entry of this Stipulation, the sole remaining cause of action asserted by Plaintiffs against CSAA is Plaintiffs' claim for breach of contract as set forth in Paragraph 15(A) of the Complaint, together with the compensatory, consequential, and incidental damages sought in Paragraph 16 of the Complaint and Paragraphs 1 and 3-6 of the Prayer for Relief.

3. Plaintiffs' request for an award of attorney fees, as set forth in Paragraph 18 of the Complaint and Paragraph 4 of the Prayer for Relief, is dismissed with prejudice to the extent it is predicated upon the specific claims dismissed in Paragraph 1 above. Plaintiffs reserve only such entitlement to fees, if any, as may be available by statute, case law, rule, or contract with respect to the remaining breach of contract claim, and CSAA reserves all objections thereto.

4. Plaintiffs shall not reassert, refile, or otherwise pursue against CSAA in this or any other action the claims and requests for relief dismissed in Paragraph 1 above, or any claim for insurance bad faith, statutory unfair claims practices, or exemplary or punitive damages arising out of or relating to CSAA's handling or adjustment of Plaintiffs' claim under policy number NVH3212202508 for the March 16, 2024 fire loss at 2789 Gordon Avenue, Minden, Nevada (CSAA Claim No. 1005-63-7479).

5. Each party shall bear its own attorney fees and costs incurred in connection with the claims dismissed by this Stipulation.

6. This Stipulation is entered into for the purpose of narrowing the issues in this action and conserving the resources of the Court and the parties. It is not, and shall not be construed as, an admission by CSAA of coverage, liability, breach, or wrongdoing of any

LAW OFFICES
THE CAVANAGH LAW FIRM, P.A.
1850 NORTH CENTRAL AVENUE, SUITE 1900
PHOENIX, ARIZONA 85004-4527
(602) 322-4000

LAW OFFICES
THE CAVANAGH LAW FIRM, P.A.
1850 NORTH CENTRAL AVENUE, SUITE 1900
PHOENIX, ARIZONA 85004-4527
(602) 322-4000

kind, all of which CSAA expressly denies. Neither is it an admission by Plaintiffs as to the merits of any defense.

7. CSAA retains and does not waive any defense to Plaintiffs' remaining breach of contract claim, including without limitation all affirmative defenses, all coverage defenses arising under the terms, conditions, limitations, exclusions, and provisions of the subject policy, and all defenses as to the nature and amount of Plaintiffs' claimed damages. CSAA further retains and does not waive any right to assert counterclaims, cross-claims, or third-party claims, or to pursue any right of subrogation, contribution, or indemnity, to the extent otherwise permitted by the Federal Rules of Civil Procedure, the Local Rules, and any scheduling order entered in this action.

8. 8. Plaintiffs retain and do not waive their rights (a) to contest, oppose, or respond to any other motion or notice filed by any defendant, including, without limitation, documents or other papers relating to, supporting, or joining CSAA's Notice of Removal, including, without limitation, Plaintiffs' rights regarding a Motion to Remand; and (b) to file any other motion, including, without limitation, a motion pursuant to FRCP 15 regarding the remaining breach of contract claim and claims against other defendants.

9. Upon entry of this Stipulation, CSAA's Partial Motion to Dismiss [Dkt. 13] shall be deemed moot and may be withdrawn or denied as moot without prejudice to the defenses preserved in Paragraph 7 above.

10. Nothing in this Stipulation affects, releases, or impairs any claim Plaintiffs assert against any defendant other than CSAA, or any claim or defense as between CSAA and any other defendant.

. . .

. . .

. . .

LAW OFFICES
THE CAVANAGH LAW FIRM, P.A.
1850 NORTH CENTRAL AVENUE, SUITE 1900
PHOENIX, ARIZONA 85004-4527
(602) 322-4000

RESPECTFULLY SUBMITTED this 23rd day of September, 2026.

**THE CAVANAGH LAW FIRM, P.A.**

By: /s/William M. Demlong
William M. Demlong
1850 North Central Avenue, Suite 1900
Phoenix, Arizona 85004

Pamela A. McKay
McKay Law Firm Chtd.
8440 West Lake Mead Blvd., Suite 112
Las Vegas, NV 89128
*Attorneys for Defendant CSAA General Insurance Company*

*Attorneys for CSAA General Insurance Company*

**LAW OFFICE OF NIK V. WALTERS**

By: s/Nik V. Walters
Nik V. Walters, Esq.
P.O. Box 5083
Reno, Nevada 89513
Tel: (775) 322-1119

*Attorneys for Plaintiffs Steven W. Lindmark and Laura A. Lindmark*

**ORDER**

Pursuant to the foregoing Stipulation of the parties, and good cause appearing,

IT IS SO ORDERED.

**UNITED STATES DISTRICT JUDGE**

DATED: September 24, 2026

LAW OFFICES
THE CAVANAGH LAW FIRM, P.A.
1850 NORTH CENTRAL AVENUE, SUITE 1900
PHOENIX, ARIZONA 85004-4527
(602) 322-4000

# CERTIFICATE OF SERVICE

*Lindmark v. CSAA General Ins. Co. et al.*
Case No. 3:26-cv-00652-MMD-CSD
U.S. District Court for the District of Nevada (Reno)

I hereby certify that the foregoing document was filed through the court's CM/ECF system which will generate and send an NEF and hyperlink to the document to all registered users in this case.

By: /s/Lori Gilroy,
an employee of The Cavanagh Law Firm

**From:** Nik Walters
**To:** Bunch, Parker
**Cc:** Demlong, William; Gilroy, Lori
**Subject:** Re: CSAA - Lindmark - Notice and Stip
**Date:** Tuesday, September 22, 2026 11:46:23 AM

---

Yes. Thank you.

Nik V. Walters, Esq.
P.O. Box 5083
Reno, NV 89513
(775)303-5737

CAUTION: CONFIDENTIAL: THE DOCUMENT BEING SENT TO YOU MAY CONTAIN INFORMATION PROTECTED BY THE ATTORNEY-CLIENT/WORK PRODUCT PRIVILEGES. It is intended only for the person to whom it is addressed. If you are not the intended recipient or an authorized agent, then this is notice to you that dissemination, distribution or copying of this document is prohibited. If this was received in error, please call us at once and destroy the document.

On Tuesday, September 22, 2026 at 11:25:57 AM PDT, Bunch, Parker <pbunch@cavanaghlaw.com> wrote:

Good morning Nik, those redlines are ok by us. If we accept those, can we sign for you and file?

Parker

---

**From:** Nik Walters <nwalterslaw@sbcglobal.net>
**Sent:** Monday, September 21, 2026 11:15 AM
**To:** Bunch, Parker <PBunch@cavanaghlaw.com>
**Cc:** Demlong, William <wdemlong@cavanaghlaw.com>; Gilroy, Lori <lgilroy@cavanaghlaw.com>
**Subject:** Re: CSAA - Lindmark - Notice and Stip

Good morning Parker,

Here are my proposed redlines.

Thanks,

Nik