UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| STEVEN W. LINDMARK, *et al.*,<br><br>Plaintiffs,<br>v.<br><br>CSAA GENERAL INSURANCE COMPANY, *et al.*,<br><br>Defendants. | Case No. 3:26-cv-00652-MMD-CSD<br><br>ORDER |

Plaintiffs Steven W. Lindmark and Laura A. Lindmark initially brought this action against Defendants in the Ninth Judicial District Court for Douglas County, Nevada. (ECF No. 1 at 2.) Defendant CSAA General Insurance Company subsequently removed the action to this Court. (*Id.*) Defendant stated in its Notice of Removal that this Court has jurisdiction pursuant to 28 U.S.C. § 1332(a) because there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000. (*Id*. at 2-7.) Before the Court is Plaintiffs' Motion to Remand (ECF No. 24), Defendants Home Depot U.S.A., Inc., Ryobi Technologies, Inc., TTI Consumer Power Tools, Inc., and Techtronic Industries Factory Outlets, Inc.'s Motion to Dismiss (ECF No. 10), and Plaintiffs' unopposed Motion for Leave to File First Amended Complaint (ECF No. 22 ("Motion to Amend")).[1]

Plaintiffs' Motion to Remand argues that Defendants have not established that the amount in controversy exceeds the $75,000 required by statute. (ECF No. 24 at 2-3.) Plaintiffs do not contest that there is complete diversity between the parties. (*See id*.) The Court finds that the amount in controversy required for diversity jurisdiction is met and

[1]Defendants failed to file a response to the Motion to Amend, and the response deadline of October 12, 2026 (ECF No. 22) has passed.

accordingly denies Plaintiffs' Motion to Remand. Defendants' response states that "Plaintiffs submitted a personal property inventory totaling $100,713.71 [and the insurance company] valued the covered items at an actual cash value of $12,101.33." (ECF No. 29 at 2.) The Court agrees with Defendants that "the $88,612.38 difference is in dispute on Plaintiffs' contract claim, and it alone exceeds the $75,000 threshold." (*Id.*) And Plaintiffs concede in their reply that "Defendants would likely be able to produce properly authenticated evidence in support of their Opposition regarding the threshold amount of $75,000." (ECF No. 34 at 2.)

The Court also grants Plaintiffs' Motion to Amend (ECF No. 22) because Defendants' failure to respond to this motion by the deadline constitutes consent to the granting of the motion. LR 7-2(d).

It is therefore ordered that Plaintiffs' Motion to Remand (ECF No. 24) is denied.

It is further ordered that Plaintiffs' Motion to Amend (ECF No. 22) is granted. Plaintiffs are granted leave to file the revised First Amended Complaint (ECF No. 28-1).

It is further ordered that Defendants' Motion to Dismiss the initial complaint (ECF No. 10) is denied as moot.

DATED THIS 21st Day of October 2026.



MIRANDA M. DU
UNITED STATES DISTRICT JUDGE